FILED
United States Court of Appeals
Tenth Circuit

August 26, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HUGO CHAVEZ VALDIVIAS,

    Defendant - Appellant.

No. 24-3179
(D.C. No. 2:20-CR-20054-DDC-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

A jury convicted Hugo Chavez Valdivias of one count of conspiracy to possess

with intent to distribute 50 grams or more of methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846; and 11 counts of distributing 50

grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A)(viii).  The district court sentenced him to 360 months' imprisonment on

each count, to be served concurrently.  In this appeal he raises a jury nullification

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

argument, contending that the district court erred in denying his motion to (1) "instruct the jury that each of the twelve crimes charged carried a mandatory penalty of ten years to life in prison;" (2) "not instruct the jury that it was required to ignore this harsh penalty in determining guilt;" and (3) "permit [him] to argue that the facts in his case warranted avoidance of this harsh penalty, and that the jury should therefore return not-guilty verdicts[.]"  Aplt. Opening Br. at 2.

Although he presents a broad-ranging argument in favor of jury nullification, Valdivias concedes that controlling circuit precedent forecloses his argument.  *See, e.g.*, *United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016) ("[A] criminal defendant is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law"; in addition, "when the jury has no sentencing function, . . . it should reach its verdict without regard to what sentence might be imposed." (internal quotation marks omitted)).  He says that he raises the argument now to preserve it for possible further review.

One panel of this court cannot overrule a decision of a prior panel.  *See United States v. Harbin*, 56 F.4th 843, 846 n.2 (10th Cir. 2022).  Because the issue raised is squarely governed by controlling circuit precedent, we reject Valdivias's argument.

The district court's judgment is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge


2